UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY TISCARENO,

    Plaintiff,

    v.

NETFLIX INC., et al.,

    Defendants.

_____/

No. C 12-3841 PJH

**ORDER GRANTING MOTION TO TRANSFER**

Before the court are defendants' motion pursuant to 28 U.S.C. § 1404(a) to transfer the above-entitled action to the Central District of California; plaintiff's motion to allow service of the summons and complaint on defendant Underhosts Network Ltd. by email or fax; and plaintiff's motion to preclude Eric Norwitz ("Norwitz") – an attorney and a defendant in this action) from representing Kristy Graham ("Graham") – also a defendant in this action). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby rules as follows.

**BACKGROUND**

In January 2010, Tony Tiscareno ("Tiscareno"), plaintiff in this action, filed <u>Tiscareno v. Bass</u>, 10-0440-SJO, in the Central District of California, alleging copyright infringement, intentional interference with economic relationship, and civil conspiracy regarding a screenplay ("FASTGLASS") allegedly written by Tiscareno, two screenplays ("Fast Glass" and "Kill Speed") allegedly written by Kim Bass ("Bass"), an unfinished movie ("Fast Glass") directed by Bass, and a movie ("Kill Speed") directed by Bass. Named as defendants were Bass; Bass Entertainment, Inc. ("Bass Entertainment"); Richard Mattern ("Mattern"); John Galanti ("Galanti"); Jon Zimmerman ("Zimmerman"); and Epic Pictures, Inc. ("Epic

Pictures").

Tiscareno amended the complaint twice, and in September 2010, filed a third amended complaint, alleging the same causes of action against the same defendants, with the addition of Lawrence Brennan Jr. ("Brennan" – attorney for Bass and Bass Entertainment), and Kaleidoscope Home Entertainment Ltd. ("Kaleidoscope").

In January 2011, the claims against Mattern, Galanti, Zimmerman, Epic Pictures, Brennan, and Kaleidoscope were dismissed with prejudice, and the two non-copyright infringement claims against Bass and Bass Entertainment were also dismissed with prejudice. The court denied Tiscareno's motion for leave to add new defendants.

Tiscareno subsequently filed a fourth amended complaint, alleging copyright infringement against Bass and Bass Entertainment only. In May 2011, eight days before trial, the claims against Bass and Bass Entertainment were dismissed at Tiscareno's request. Judgment was entered on June 23, 2011 against Tiscareno.

On July 23, 2012, Tiscareno filed the present action against Bass, Netflix, Inc. ("Netflix"), Blockbuster, Inc. ("Blockbuster"), Graham, and Norwitz, alleging a single cause of action, for copyright infringement, against all defendants. The lawsuit involves essentially the same transactions and events, and the same intellectual properties, that were at issue in the former action filed in the Central District of California.

On August 13, 2012, Tiscareno amended the complaint to remove Bass as a defendant. Nevertheless, the "Summary of Facts" is replete with allegations of wrongs allegedly perpetrated by Bass, including the assertion that Bass "sold . . . a stolen script that Mr. Bass downloaded from the Internet entitled FASTGLASS . . . [which] was written and copyrighted by the [p]laintiff nearly a decade earlier."

A. Motion to Transfer Venue

1. Legal standard

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action "for the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); Straus Family

Creamery v. Lyons, 219 F.Supp. 2d 1046, 1047 (N.D. Cal. 2002). A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The burden of showing that transfer is appropriate is on the moving party. The Carolina Casualty Co. v. Data Broad. Corp., 158 F.Supp. 2d 1044, 1048 (N.D. Cal. 2001).

District courts use a two-step analysis to determine whether a transfer is proper. First, the court must determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498.

Among the factors that the court may consider in deciding whether a transfer is appropriate are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state. Jones, 211 F.3d at 498-99; Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

2. Defendants' motion

Defendants argue that the case should be transferred to the Central District of California for the convenience of parties and witnesses, and in the interests of justice. First, they contend that this action "might have been brought" in the Central District, as the almost-identical former action was in fact filed and litigated there. In addition, they assert that at the time that Tiscareno filed this action, Graham and Norwitz were both domiciled in the Central District; Netflix was domiciled in California; and Blockbuster had sufficient "minimum contacts" with California to confer personal jurisdiction.

Defendants also contend that virtually all the transactions and events alleged in the complaint occurred in the Central District, and that defendants' intended trial witnesses reside and/or work in that district. Defendants set forth in some detail the identity of nine specific witnesses they plan on calling (and also list unidentified "employees" of a television film production company and a movie production company that are located in the Central District), along with the anticipated subject matter of their testimony. In addition, defendants assert that an extraordinary amount of labor and expense was devoted to defending the former action, and that the court expended a significant judicial resources.

In opposition, Tiscareno asserts that the expert witness whom he plans on calling to testify lives in this district, and that because Netflix is purportedly selling the allegedly infringing film from its headquarters in Los Gatos, California, this district is "the site of the malfeasance." Thus, he asserts, venue is proper in this district.

In reply, defendants argue that Tiscareno has failed to present any reason for not transferring the case to the Central District, and that he has not supported his factual assertions with a declaration made under penalty of perjury.

The court finds that the motion must be GRANTED. Defendants have established that a transfer to the Central District of California is warranted for the convenience of parties and witnesses, and Tiscareno has not provided any persuasive opposition. Defendants have also established that given the pendency of the former action in the Central District, the interests of justice warrant a transfer to that district.

In addition, the relevant factors favor a transfer to the Central District. The events giving rise to the lawsuit largely appear to have occurred there, and the parties' contacts with that forum are more extensive than their contacts with the Northern District. Although Tiscareno has chosen to file his lawsuit in this district, he filed the former lawsuit in the Central District, which fact prompts the court to give less weight to the plaintiff's choice of forum in this case. Finally, based on defendants' declarations, it appears that the Central District is far more convenient for defendants and their witnesses, and that any relevant documents will also be available there.

**CONCLUSION**

In accordance with the foregoing, the court ORDERS that this action be transferred to the Central District of California. Plaintiff's motion to preclude Eric Norwitz from representing Kristy Graham is DENIED as unsupported by any legal authority. The motion for email or fax service on Underhosts Network Ltd. is DENIED based on plaintiff's failure to support the factual allegations regarding attempts at service with a declaration made under penalty of perjury.

The December 5, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: November 26, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge